# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JACK JORDAN, | : | | |
| Plaintiff, | : | Civil Action No.: | 16-CV-1868 (RC) |
| v. | : | Re Document No.: | 67 |
| U.S. DEPARTMENT OF LABOR, | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

## I.  INTRODUCTION

This Freedom of Information Act ("FOIA") matter comes before the Court on Plaintiff Jack Jordan's ("Mr. Jordan's") motion for relief from judgment. Mr. Jordan previously submitted FOIA requests with the United States Department of Labor's ("DOL's") Office of Administrative Law Judges, seeking unredacted versions of two emails related to a lawsuit in which Mr. Jordan represented his wife, Maria Jordan, against DynCorp International, Inc. ("DynCorp"). In a prior opinion, this Court granted summary judgment to DOL in part, upholding DOL's withholding of one email (the "Powers email") as protected by the attorney client privilege but ordering the production of the second email (the "Huber email") to Mr. Jordan. Mr. Jordan now seeks relief from the Court's grant of summary judgment regarding the Powers email pursuant to Federal Rule of Civil Procedure 60. Because Mr. Jordan fails to meet the standards set forth in Rule 60, the Court denies the motion.

## II. FACTUAL BACKGROUND

The Court presumes familiarity with its prior opinions, *see Jordan v. U.S. Dep't of Labor* ("*Jordan I*"), 273 F. Supp. 3d 214 (D.D.C. 2017); *Jordan v. U.S. Dep't of Labor* ("*Jordan II*"), 308 F. Supp. 3d 24 (D.D.C. 2018), and only briefly summarizes the facts relevant to the present motion.

Mr. Jordan, an attorney, represented his wife in a 2016 Defense Base Act case against DynCorp before DOL. *Jordan I*, 273 F. Supp. 3d at 219. Mr. Jordan submitted a number of FOIA requests to DOL regarding the case, seeking, *inter alia*, the disclosure of emails forwarded to a DOL Administrative Law Judge by DynCorp. *See id.* at 219–20. In response, DOL disclosed redacted versions of the Huber and Powers emails but refused to produce unredacted versions, which it contended were protected by the attorney-client privilege. *See id.* at 220–21. Mr. Jordan commenced litigation in this Court in September 2016, seeking "[i]njunctive relief ordering the DOL to disclose to [Mr. Jordan] all previously undisclosed versions of the [DynCorp] [e]mails." Compl. at 10–11, ECF No. 1; Pl.'s Unopposed Mot. Leave Amend. Compl., ECF No. 19. Both Mr. Jordan and the DOL moved for summary judgment on the issue of whether the Powers and Huber emails were protected by the attorney-client privilege. *See Jordan I*, 273 F. Supp. 3d at 224.

After conducting an *in camera* inspection of the two emails, this Court granted summary judgment in part to DOL, determining that the Powers email was privileged and properly withheld, but that DOL had not sufficiently justified the basis for withholding the Huber email. *Id.* at 227. The Court noted that the Powers email, unlike the Huber email, was labelled "subject to attorney-client privilege" and contained an explicit request for legal advice. *Id.* And it found that DOL had released all reasonably segregable portions of the Powers email. *Id.* at 235. In a

later opinion denying the DOL's renewed motion for summary judgment, the Court found that the Huber email was not covered by attorney-client privilege and ordered the disclosure of that document. *Jordan II*, 308 F. Supp. 3d at 44. The Court also denied Mr. Jordan's motion for reconsideration of its determination that the Powers email was protected by the attorney-client privilege. *See id.* at 38–39.

Mr. Jordan then appealed this Court's holding regarding the Powers email to the D.C. Circuit. Pl.'s Notice of Appeal, ECF No. 62. The D.C. Circuit summarily affirmed, holding that this Court "did not err" in concluding that the Powers email was exempt from disclosure. *Jordan v. U.S. Dep't of Labor* ("*Jordan III*"), No. 18-5128, 2018 WL 5819393 at *1 (D.C. Cir. Oct. 19, 2018). Moreover, the Circuit held that "[t]o the extent [Mr. Jordan] s[ought] disclosure of the parts of the Powers email that read 'attorney-client privilege' and seek an explicit request for legal advice, the district court did not err in declining to require disclosure of such disjointed words." *Id.* at *2.

Mr. Jordan has now filed a motion for relief from judgment, asking this Court to set aside its prior ruling and to hold that the Powers email is not protected by attorney-client privilege. Pl.'s Mot. Relief J. 10, ECF No. 67.

### III. LEGAL STANDARDS

"Rule 60(b) provides a mechanism for relief from a judgment or order by permitting the court to relieve a party or its legal representative from a final judgment, order, or proceeding[.]" *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 97 (D.D.C. 2015). The burden falls to the party seeking relief to "[show] that he or she is entitled to relief." *Id.*; *see also Green v. AFL-CIO*, 287 F.R.D. 107, 109 (D.D.C. 2012). The final decision to grant or deny a Rule 60(b) motion is "committed to the discretion of the District Court," *United Mine Workers 1974*

*Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993), which "balance[s] the interest in justice with the interest in protecting the finality of judgments," *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). The movant "must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995).

## IV. ANALYSIS

Mr. Jordan asserts that relief from the Court's judgment is warranted under Rules 60(a), 60(b)(2), 60(b)(3), 60(d)(3), 60(b)(4), 60(b)(5), and 60(b)(6). This Court reviews in turn Mr. Jordan's arguments as to Rules 60(a) and 60(b)(1); Rule 60(b)(2); Rules 60(b)(3) and 60(d)(3); Rule 60(b)(4); Rule 60(b)(5); and Rule 60(b)(6). Because it concludes that Mr. Jordan's contentions are without merit, the Court denies the motion.

### A. Mr. Jordan Is Not Entitled to Relief Under Rule 60(a) or Rule 60(b)(1)

Mr. Jordan asserts that relief is warranted under Rule 60(a) because this Court mistakenly found the Powers email to contain an express request for legal advice. Pl.'s Mot. Relief 29. He argues that the Court's finding was "contrary to all potentially relevant evidence," because "no evidence even indicated that Powers email was sent to obtain any legal advice or services, and copious evidence indicated that it was not sent to any recipient for any such purpose." Pl.'s Mot. Relief 20. Mr. Jordan further contends that the Court is mistaken about the holding of the D.C. Circuit, which he believes explained that this Court incorrectly found the Powers email to be privileged. *Id.* The Court first briefly reviews why relief under Rule 60(a) is unwarranted, and then addresses whether Jordan's arguments warrant relief under Rule 60(b)(1). The Court finds that they do not.

Rule 60(a) allows a court to correct a "clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P 60(a).  This rule is narrowly construed and may not be invoked to "change the substance or order of a judgment." *Fanning v. George Jones Excavating, L.L.C.*, 312 F.R.D. 238, 239 (D.D.C. 2015).  It only applies when "the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another." *Id.* (quoting 12 Moore's Federal Practice § 60.11(1)(a) (3d. ed. 2015)).  Unless something in the record suggests that the court "intended to enter the parties' proposed judgment but accidently forgot to do so," the substance of a court order or judgment will be considered a "conscious decision." *Id.*  Here, Mr. Jordan has failed to present any evidence to suggest that this Court made a clerical error, oversight, or omission.  His contention that this Court's holding was in error, even if true, would be an error of "substance, not expression," putting it outside the scope of Rule 60(a).  *Fanning*, 312 F.R.D. at 239.  Because Rule 60(a) motions are only proper to correct clerical errors, and Mr. Jordan points to none, the Court denies the motion for relief from judgment on that ground.

However, Mr. Jordan's assertions would have been properly raised under Rule 60(b)(1), so this Court will address them as such.  Rule 60(b)(1) motions permit the court to grant relief from a final judgment upon a finding of mistake, inadvertence, surprise, or excusable neglect. Federal courts are split over whether parties may use Rule 60(b) motions to address alleged mistakes of legal reasoning, and the D.C. Circuit "allows Rule 60(b) motions to challenge legal errors only in the most extreme situations: namely, when the district court based its legal reasoning on case law that it had failed to realize had been overturned." *Ward v. Kennard*, 200 F.R.D. 137, 139 (D.D.C. 2001) (citing *D.C. Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451–53 (D.C. Cir. 1975)); *see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F.

Supp. 2d 216, 227 (D.D.C. 2011) (noting that district courts are only permitted to "provide relief upon reconsideration of a final judgment in circumstances where there has been a change in the controlling law since the issuance of the final judgment").

Mr. Jordan's motion fares no better under Rule 60(b)(1) because his arguments rest on an inaccurate reading of the order issued by the D.C. Circuit. *See Jordan III*, 2018 WL 5819393 at *1. Mr. Jordan asserts that the Circuit "conclusively established" that the Powers email did not contain any explicit request for legal advice, but rather that "any purported 'explicit request for legal advice' amounted (*at most*) to 'disjointed words that have 'minimal or no information content.'" Pl.'s Mot. Relief 10 (quoting *Jordan III*, 2018 WL 5819393 at *1).

This is not what the Circuit held. The Circuit made clear that "[t]o the extent [Mr. Jordan] seeks disclosure of the parts of the Powers email that read 'attorney client privilege' and seek an explicit request for legal advice, the district court did not err in declining to require disclosure of such disjointed words that have 'minimal or no information content.'" *Jordan III*, 2018 WL 5819393 at *1 (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 n.55 (D.C. Cir. 1977)). The Circuit did not find that the request for privilege consisted of disjointed words without information content, but rather held that disclosing the parts of the email that demonstrate its privileged nature would constitute the disclosure of disjointed words without information content. *Id.* Because Mr. Jordan does not meet the standard set forth by Rule 60(b)(1), his motion for relief on that ground is denied.

### B. Mr. Jordan Is Not Entitled to Relief Under 60(b)(2)

Mr. Jordan next argues that he is entitled to relief under Rule 60(b)(2) because newly discovered evidence has emerged, in the form of both the Huber email and the D.C. Circuit

Court's alleged holding that the Powers email was not subject to attorney client privilege. Pl.'s Mot. Relief 21. This argument is unpersuasive as well.

Rule 60(b)(2) allows a court to grant relief from a final judgment upon a finding of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). In order to obtain relief from a final judgment under that rule, the moving party must demonstrate that "(1) the newly discovered evidence is of facts that existed at the time of the trial or merits proceeding; (2) the party seeking relief was 'justifiably ignorant of the evidence despite due diligence'; (3) the evidence is admissible and is 'of such importance that it probably would have changed the outcome'; and (4) the evidence is not merely cumulative or impeaching." *Almerfedi v. Obama*, 904 F. Supp. 2d 1, 3 (D.D.C. 2012) (quoting *Duckworth v. United States*, 808 F. Supp. 2d 2010, 210, 216 (D.D.C. 2011)).

Mr. Jordan's argument that the contents of the Huber email constitute newly discovered evidence fails both the second and the third part of the test under Rule 60(b)(2). The Huber e-mail cannot be newly discovered evidence because the Court considered it during the life of the case; it was not disclosed afterwards. And in any event, as the moving party, Mr. Jordan bears the burden of proving that "the proffered evidence is 'of such a material and controlling nature as will probably change the outcome.'" *Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D.D.C. 2008) (quoting *In re Korean Airlines*, 156 F.R.D. 18, 22 (D.D.C. 1994)). Here, there is no basis for the Court to find that the Huber email would have altered its findings as to the Powers email. This Court previously conducted an *in camera* review of both the Huber and Powers emails, and found nothing to indicate that the Huber email would change its determination regarding the Powers email.

Further, Mr. Jordan's assertion that the Court of Appeals "confirm[ed] that Powers' email does not [sic] any request for legal advice," Pl.'s Mot. Relief 21, is an inaccurate representation of the D.C. Circuit's holding, which does not actually support his position. As discussed above, the Circuit found that this Court was correct in its determination that the "Powers email is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(4)" and that "the Powers email contains an explicit request for legal advice." *Jordan III*, 2018 WL 5819393 at *1; *see supra* Part IV.A. Even assuming that the D.C. Circuit's decision could be considered newly discovered evidence,[1] it would not change the outcome regarding the Powers email. Accordingly, Mr. Jordan's motion for relief from judgment pursuant to Rule 60(b)(2) is denied.

### C. Mr. Jordan Is Not Entitled to Relief Under Rule 60(b)(3) or 60(d)(3)

Mr. Jordan claims that relief is warranted under Rules 60(b)(3) and 60(d)(3) because government attorneys in this case knowingly made false statements of material facts or law to this Court and failed to correct those false statements in order to sway the Court to grant summary judgment. Pl.'s Mot. Relief 22. Mr. Jordan further asserts that this Court was "lured" into assisting those attorneys in their fraud, helping them to deprive Mr. Jordan of his rights and to commit a fraud on the D.C. Circuit. *Id.* at 24. The core of these alleged falsehoods appears to hinge on Mr. Jordan's belief that the government—and this court—knew that neither the Huber nor the Powers emails were privileged and engaged in a concerted fraudulent effort to conceal

---

[1] A legal opinion "is law, not evidence." *See, e.g.*, *Peterson v. Flagstar Bank, FSB*, No. PWG-16-2617, 2017 WL 1020821, at *3 (D. Md. Mar. 15, 2017). Therefore, a subsequent legal opinion cannot be new evidence sufficient to support a claim in a Rule 60(b)(2) motion. In addition, newly discovered evidence "must have been in existence at the time of the disputed judgment." *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 206 (D.D.C. 2007). Thus, a subsequent appellate judgment by its very nature cannot be newly discovered evidence.

the truth.  *Id.* at 22–24.  Because Mr. Jordan does not in any way substantiate this argument, he is not entitled to relief.

Rule 60(b)(3) allows a court to set aside or grant relief from a final judgment for fraud, misrepresentation, or misconduct by an opposing party.  The burden falls on the party seeking relief to "prove such fraud or misrepresentation with 'clear and convincing evidence.'"  *People for the Ethical Treatment of Animals v. HHS*, 226 F. Supp. 3d 39, 55 (D.D.C. 2017) (quoting *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995)).  Furthermore, Rule 60(b)(3) motions will only be granted if the moving party can "show actual prejudice, that is, he must demonstrate that the defendant's conduct prevented him from presenting his case fully and fairly."  *Ramirez v. DOJ*, 680 F. Supp. 2d 208, 210 (D.D.C. 2010); *see also Walsh v. Hagee*, 10 F. Supp. 3d 15, 19 (D.D.C. 2013).  The moving party needs to do more than simply present allegations of fraud, it must present evidence of actual fraud that "prevented it from presenting its own case."  *People for the Ethical Treatment of Animals*, 226 F. Supp. 3d at 56–57; *see also Am. Cetacean Soc. v. Smart*, 673 F. Supp. 1102, 1105 (D.D.C. 1987).

Rule 60(d)(3), which lays out a court's power to grant relief when there has been fraud on the court, *see* Fed. R. Civ. P. 60(d)(3), is much more limited in scope than Rule 60(b)(3), and only applicable in "very unusual cases."  *Lane v. Fed. Bureau of Prisons*, 285 F. Supp. 3d 246, 248–49 (D.D.C. 2018).  Fraud on the court is more than mere "fraud between the parties or fraudulent documents, false statements or perjury;" it must be "directed to the judicial machinery itself."  *Id.*  Accordingly, relief under 60(d)(3) is "rarely warranted, and is 'typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially

is directly impinged.'" *More v. Lew*, 34 F. Supp. 3d 23, 28 (D.D.C. 2014) (quoting *Great Coastal Express, Inc. v. Int'l Bhd. Of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982)).

Mr. Jordan has failed to present any evidence of fraud, either by the government or by the Court. Mr. Jordan argues that DOL and DOJ employees "violated their oaths, statutes, regulations, and rules of conduct." Pl.'s Mot. Relief 21. He further argues that these same DOJ and DOL employees actively sought to mislead this Court by certifying that both the Huber and the Powers emails contained explicit requests for legal advice, when they knew the opposite to be true. *Id.* at 1–8. He asserts that the Court in turn knowingly and willingly assisted them in their endeavors by granting summary judgment as to the Powers email and giving the government another shot at summary judgment on the Huber email in its 2017 opinion. *Id.* And he argues that the government continued its fraudulent conduct before the D.C. Circuit, where it misrepresented the facts and the law of the case. *Id.* at 9–10.

None of Mr. Jordan's arguments, all of which are based on words taken out of context from government briefs, declarations, and this Court's prior opinions, are backed by evidence of fraud. As to the Powers email, as discussed above, the D.C. Circuit explicitly held that the email *was* a protected request for legal advice. *Jordan III*, 2018 WL 5819393 at *1–2; *see supra* Part IV.A. Mr. Jordan appears to be attempting to relitigate the privilege issue, and it has long been the rule in this Circuit that "a motion for relief from judgment on the ground of misrepresentation will be denied if it is merely an attempt to relitigate the case[.]" *Am. Cetacean Soc. V. Smart*, 673 F. Supp. 1102, 1105 (D.D.C. 1987). As to the Huber email—and more generally—Mr. Jordan cannot establish fraud by simply pointing to arguments government counsel made in their briefs and that the Court rejected, or to contentions that turned out to be inaccurate. There is nothing to suggest that government counsel's representations to the Court were not made in good

faith. Finally, Mr. Jordan must show actual prejudice in order to prevail, and it is clear that nothing he alleges prejudiced him because the Powers email is privileged, as independently determined by the Court's *in camera* review.

By that same measure, Mr. Jordan has entirely failed to establish fraud upon the court under Rule 60(d)(3). Mr. Jordan asserts that the government committed fraud upon this Court by repeatedly and knowingly making false statements, and by luring the Court into assisting it in committing said fraud. Pl.'s Mot. Relief 23–24. However, the basis for this argument is, once again, Mr. Jordan's assertion that government attorneys "knowingly misrepresented that the emails were privileged" and that the Court was aware of that misrepresentation. *Id.* at 2–4. As discussed above, not only does Mr. Jordan fail to present any evidence of this supposed wrongdoing, but the Circuit explicitly held that the Powers email was exempt from disclosure and that there was no judicial bias or error on the part of this Court. *Jordan III*, 2018 WL 5819393 at *1–2. Mr. Jordan cannot assert fraud or fraud on the court simply because he disagrees with the rulings of this Court and of the D.C. Circuit. Because Mr. Jordan fails to meet the standards established by Rules 60(b)(3) and 60(d)(3), his motion for relief on those grounds is denied.

### D. Mr. Jordan Is Not Entitled to Relief Under Rule 60(b)(4)

Mr. Jordan asserts that he is entitled to relied under Rule 60(b)(4) because this Court deprived him of his due process rights by failing to recuse itself, allegedly misrepresenting the contents of the Powers email, improperly reviewing the Powers email *in camera*, and using its "personal knowledge" about disputed material facts in reaching a decision. Pl.'s Mot. Relief 26–27. He also contends that the judgment is void because this Court usurped powers it did not have and assumed the role of party and witness. *Id.* at 24–25. Mr. Jordan's arguments are meritless.

Rule 60(b)(4) allows a court to provide relief from a final judgment when that judgment is void. Fed. R. Civ. P. 60(b)(4). The Supreme Court has held that this rule applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 261 (2010). These defects are usually limited to "defects in personal jurisdiction, subject matter jurisdiction, and due process." *U.S. v. Phillip Morris USA Inc.*, 840 F.3d 844, 850 (D.C. Cir. 2016).

Mr. Jordan's allegations run contrary to the findings of the Circuit, which found not only that this Court did "not err in concluding that the Powers email is exempt from disclosure," but also that there was no "evidence of judicial bias, despite appellant's accusations to the contrary." *Jordan III*, 2018 WL 5819393 at *1–2. The Circuit held that it was proper for the Court to decline to "require disclosure of such disjointed words that have 'minimal or no information content.'" *Id.* at *2 (quoting *Mead*, 566 F.2d at 261 n.55). And it also found that this Court did not "abuse its discretion in reviewing the emails *in camera* to determine the extent of § 552(b)(4)'s applicability." *Id.* at *1.

Furthermore, Mr. Jordan does not provide any basis for his allegations that this Court otherwise usurped its powers, aside from continuing to erroneously assert that the Powers email was not protected by privilege and that this Court is refusing to abide by what he believes to be the D.C. Circuit's holding. Pl.'s Mot. Relief 25. Mr. Jordan has had ample opportunity to litigate his case, and this particular issue, both before this Court and on appeal. Relief is therefore not warranted under Rule 60(b)(4).

12

### E.  Mr. Jordan Is Not Entitled to Relief Under Rule 60(b)(5)

In support of his claim for relief under Rule 60(b)(5), Mr. Jordan asserts that it would no longer be equitable for the judgment to be enforced against him.  Pl.'s Mot. Relief 20.  He maintains that "no evidence even indicated that Powers' email was sent to obtain any legal advice or services, and copious evidence indicated that it was not sent to any recipient for any such purpose."  *Id.*  The Court disagrees.

Similarly to Rule 60(b)(4), Rule 60(b)(5) allows a court to relieve a party from a final judgment when the judgment has been satisfied, reversed, discharged, or is no longer equitable. Fed. R. Civ. P. 60(b)(5).  While the equitable provision of Rule 60(b)(5) "may not be used to challenge the legal conclusions on which a prior judgment or order rests," it may still serve as "a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"  *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)).  The party who seeks relief under Rule 60(b)(5) "bears the burden of establishing that changed circumstances warrant relief," *id.*, and must show that applying the judgment prospectively is no longer equitable by proving a change in factual conditions or the law, *Salazar v. District of Columbia*, 729 F. Supp. 2d 257, 263–64 (D.D.C. 2010).

But Mr. Jordan provides no evidence of any significant change in either law or factual conditions, merely arguing, without support, that it would be inequitable to sustain the judgment. *Id.* at 20.  This argument once again appears to hinge on his belief that the Powers email is not privileged, and that this Court and the D.C. Circuit are both mistaken.  *Id.*  Mr. Jordan thus fails to meet the burden set forth by Rule 60(b)(5) by failing to assert, or provide any evidence for,

actually changed circumstances that may "warrant revision" of the prior judgment. *Brown*, 312 F.R.D. at 243.

### F. Mr. Jordan Is Not Entitled to Relief Under Rule 60(b)(6)

Finally, Mr. Jordan contends that he is entitled to relief under Rule 60(b)(6). He argues that there are extraordinary circumstances that demand relief as a matter of justice. Pl.'s Mot. Relief 17, 36. The "extraordinary circumstances" that Mr. Jordan points to are his prior allegations of judicial misconduct by the Court. *Id.* at 17. Mr. Jordan also points to his diligence in seeking review of this Court's prior decisions, both through appellate review and Rule 60(b) relief, which he argues should be relevant in determining whether extraordinary circumstances exist. *Id.* at 45. The Court is unconvinced.

Rule 60(b)(6) is a catch-all provision, providing that a court may relieve a party from a final judgment for "any other reason that justifies relief" not encompassed by the other reasons enumerated in Rule 60(b). Fed. R. Civ. P 60(b)(6). 60(b)(6) motions "should only be granted in 'extraordinary circumstances'" in order to justify reopening a matter that would not merit reconsideration under Rules 60(b)(1)–(5). *Riley v. BMO Harris Bank, N.A.*, 115 F. Supp. 3d 87, 94 (D.D.C. 2015) (quoting *Ackerman v. U.S.*, 340 U.S. 193, 199 (1950)).

Mr. Jordan fails to establish that this is an "extraordinary circumstance" sufficient to justify relief under Rule 60(b)(6). *Ackerman*, 340 U.S. at 199. While Mr. Jordan is correct in stating that his diligence in appealing and pursuing Rule 60(b) relief is "relevant in assessing whether extraordinary circumstances are present," *Salazar v. District of Columbia*, 633 F.3d 1110, 1119 (D.C. Cir. 2011); Pl.'s Mot. Relief 54, the significance of his diligent appeals and post-judgment motions is far outweighed by the lack of adequate grounds for those very appeals and motions. Mr. Jordan's motion under Rule 60(b)(6) thus fails as well.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from judgment (ECF No. 67) is **DENIED**. This case is over. Plaintiff may not file any further motions without first obtaining leave of court. Leave will not be granted based on the same recycled arguments that Plaintiff has repeatedly raised and this Court has repeatedly found to be meritless. Moreover, raising such arguments again may be cause for an award of fees. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 1, 2019                                                  RUDOLPH CONTRERAS
                                                                                                             United States District Judge